UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**OLIVIA SMITH,**

    Plaintiff,

CASE NO.

v.

**GADSDEN COUNTY BOARD
OF COUNTY COMMISSIONERS,**

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff OLIVIA SMITH, hereby sues Defendant, GADSDEN COUNTY BOARD OF COUNTY COMMISSIONERS, (hereinafter "Defendant") and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624.

2. Plaintiff's claims for relief are also predicated upon the subject matter construed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, as well as Chapter 760, Florida Statutes, the Florida Civil Rights Act of 1992 ("FCRA").

3. The Court has concurrent and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### PARTIES

4. At all times relevant to this action Plaintiff OLIVIA SMITH (hereinafter "Plaintiff") is, and at all relevant times herein, an adult female, residing in Leon County, Florida and working in Gadsden County, Florida.

1

5. Defendant GADSDEN COUNTY BOARD OF COUNTY COMMISSIONERS (hereinafter "Defendant") is, and at all relevant times mentioned herein, a County governing body for municipal services and is authorized to conduct, employer, and manage business within Gadsden County, Florida. Defendant has a mailing address which is located in the City of Quincy, in the County of Gadsden in the state of Florida.

6. This Court is the proper venue for this action because Defendant is a resident of Gadsden County, Florida, and/or conducting business in said County and State so jurisdiction and venue are appropriate.

## TITLE VII / ADA/ FCRA STATUTORY PREREQUISITES

7. Plaintiff is a female "person" who suffered discrimination based on her medical/mental health disability. As such she is a member of a class of individuals protected by Title VII, the ADA and the FCRA.

8. Plaintiff was qualified for her position of employment.

9. Plaintiff suffered an adverse effect upon her employment by having her reasonable accommodation requests denied and ultimately being terminated by Defendant with the motivating or determinative factor used by Defendant in the decision making process being Plaintiff's need for accommodation, or related medical condition(s).

10. Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

11. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the ADA and the FCRA.

12. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the ADA, and the FCRA.

13. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 13, 2020 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC dated September 18, 2020, which was received by Plaintiff on September 28, 2020. Therefore this complaint is being filed within 90 days of receiving her right to sue letter.

14. Accordingly Plaintiff has completed all other Title VII, the ADA, and the FCRA requirements and all other prerequisites prior to bringing this lawsuit.

15. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

16. Plaintiff worked as a Public Information Officer for Defendant's from July 31, 2018 until her unlawful termination on or about January 16, 2020.

17. Plaintiff was the victim of domestic violence in 2019. Plaintiff suffered severe emotional distress, trauma, depression and PTSD after those events.

18. Plaintiff informed the Defendant of her disability and then began to treat through the Employee Assistance Program ("EAP"). On or about April 2019, Plaintiff was advised to discontinue with EAP because the treatment provided was inadequate.

19. On or about June 7, 2019, Plaintiff emailed Ms. Lonyell Butler, ("Ms. Butler") Human Resources Manager, to request FMLA leave. Ms. Butler denied the request for FMLA.

20. On or about June 17, 2019, Plaintiff submitted her Certificate of Health Care Provider for accommodations to Ms. Butler, again putting Defendant on notice as to Plaintiff's disability and need for reasonable accommodations.

21. The reason for Plaintiff's accommodation request, in part, was medication related,

as her doctor told Defendant. Defendant continually harassed Plaintiff through disciplinary actions. Defendant continuously taunted Plaintiff about her accommodations by making statements such as 'just stop partying" and telling Plaintiff to "not stay up late and go to bed early."

22. In or around November 2019, Plaintiff requested the reasonable accommodation of time off to go to urgent care. Immediately following the request, Defendant began to punish Plaintiff. Defendant increased Plaintiff's workload in retaliation for her requesting accommodations. Defendant also disciplined Plaintiff for requesting accommodations.

23. On or about December 11, 2019, Plaintiff again requested FMLA through Ms. Butler and requested a meeting to discuss her request for accommodations. Ms. Butler replied that she would meet with Plaintiff but refused to set a time for the meeting.

24. On or about December 17, 2019, Plaintiff against requested a meeting to discuss her reasonable request for accommodations. No meeting was set. Plaintiff sent email messages again on December 23, 2019 and December 27, 2019 to request FMLA and to request a meeting relating to her request for accommodations. Plaintiff's requests were ignored.

25. On or about January 15, 2020, Plaintiff experienced a grievous anxiety as a result of her documented disability and she requested to work from home.

26. On or about January 16, 2020, Plaintiff was terminated.

27. Defendant's violations of the law cited herein were willful or in reckless disregard of the requirements articulated under the law cited herein.

28. Plaintiff has retained the undersigned to prosecute this action and owes a fee to the same. Defendant should be required to pay the attorney's fees of Plaintiff as well as costs as it relates to the violations of law alleged herein.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

29.Paragraphs 1 through 28 are re-alleged and are incorporated herein by reference.

30.This is an action against Defendant for interfering with Plaintiff's protected leave under the FMLA, for harassing Plaintiff due to using FMLA leave time, and for retaliating against Plaintiff for requesting and/or taking time off that was authorized by and protected under the FMLA. This is an interference and retaliation claim.

31.After Plaintiff requested leave for her medical/mental health condition, Defendants harassed Plaintiff and took adverse personnel actions against her for using leave.

32.Plaintiff was denied rights and benefits conferred by the FMLA and was retaliated against after requesting and/or taking protected leave.

33.Defendant's violations of the FMLA were willful.

34.As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with retaliation of Defendants. These damages have occurred in the past, are occurring at present and will continue in the future.  Plaintiff is entitled to liquidated damages and injunctive relief including reinstatement to her former position within Defendant with the requisite training.

## COUNT II
## DISABILITY/PERCEIVED DISABILITY
## DISCRIMINATION UNDER THE ADAAA

35.Paragraphs 1 through 28 are re-alleged and are incorporated herein by reference.

36.Plaintiff was a qualified individual with a disability recognized under the ADAAA.

37.Plaintiff was disabled/perceived as disabled by Defendant.

5

38. Defendant was Plaintiff's employer as defined by the ADAAA.

39. Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

40. Defendant discriminated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendant of her need for a work accommodation related to her disability.

41. Defendant had actual or constructive knowledge of the discriminatory conduct.

42. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

43. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

44. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

45. Defendant's violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

## COUNT III
## DISCRIMINATION—CHAPTER 760, FLORIDA STATUTES

46. Paragraphs 1 through 28 are re-alleged and are incorporated herein by reference.

47. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes, the Florida Civil Rights Act of 1992 ("FCRA"), as it relates to Plaintiff's medical/mental health condition. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, Plaintiff was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

48. Defendant is liable for the differential treatment and/or its refusal to accommodate

Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

49. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

50. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

51. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon disability or perceived disability or Plaintiff's record of having impairment under the Americans with Disabilities Act.

52. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT IV
## RETALIATION UNDER THE ADAAA

53. Paragraphs 1 through 28 are re-alleged and are incorporated herein by reference.

54. Plaintiff was a qualified individual with a disability recognized under the ADAAA.

55. Plaintiff was perceived as disabled by Defendant.

56. Defendant was Plaintiff's employer as defined by the ADAAA.

57. Defendant retaliated against Plaintiff because of her request for a reasonable accommodation in violation of the ADAAA.

58. Defendant retaliated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendants of her need for a work accommodation related to her disability.

59. Defendant had actual or constructive knowledge of the retaliatory conduct.

60. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

61. Defendant's conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADAAA.

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

63. Defendant's violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

## COUNT V
## RETALIATION— CHAPTER 448, FLORIDA STATUTES

64. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

65. Defendant is employer as that term is used under the applicable statutes referenced above.

66. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in protected activity under Fla. Stat. § 448 and other statutory provisions cited herein.

67. The foregoing unlawful actions by Defendant were purposeful.

68. Plaintiff engaged in protected activity by asking for reasonable accommodation(s) during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

69. Plaintiff is a member of a protected class because Plaintiff engaged in protected activity and was the victim of retaliation thereafter. There is thus a causal connection between the requesting of a reasonable accommodation(s) and the adverse employment action taken thereafter.

70. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT VI
## HOSTILE WORK ENVIRONMENT UNDER THE ADAAA

71. Paragraphs 1 through 28 are re-alleged and are incorporated herein by reference.

72. Plaintiff is a member of a protected class due to her disability.

73. Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon her disability.

74. The above described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's disability.

75. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

76. Plaintiff's wages and benefits were impacted and Plaintiff's standing amongst her

co-workers was adversely impacted due to the pervasive and severe conduct by Defendant and its agents.

77. Defendant knew or should have known of the hostile work environment.

78. The above hostile workplace environment was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## COUNT VII
## HOSTILE WORK ENVIRONMENT— CHAPTER 760, FLORIDA STATUTES

79. Paragraphs 1 through 28 are re-alleged and are incorporated herein by reference.

80. Plaintiff is member of protected class due to her disability.

81. Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon her disability.

82. The above described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's disability.

83. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

84. Plaintiff's wages and benefits were impacted and Plaintiff's standing amongst her co-workers was adversely impacted due to the pervasive and severe conduct by Defendant and its agents.

85. Defendant knew or should have known of the hostile work environment.

86. The above hostile workplace environment was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the

10

environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff ;

(c)     enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants to include compensatory for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e)     enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees, interest and costs; and

(f)     grant such other further relief as being just and proper under the circumstances.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 16th day of December, 2020

11

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

**/s/ Thomas L. Dickens, III**
Thomas L. Dickens, III, Esq.
Florida Bar No.: 063867
Morgan & Morgan, P.A.
20 N. Orange Avenue, 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Tel:  (407) 418-2042
Fax: (407) 245-3354
tdickens@forthepeople.com;
mfermaint@forthepeople.com

**ATTORNEY FOR THE PLAINTIFF**